we'll now move to the next case on the calendar the last case on today's calendar for argument and that's united states versus uh rojas uh martinez and uh there's two martinezes so we've got the three counsel for the appellants and i'll just make sure they're on the line in a second can i just ask that because we've got are there two brothers i think there might be two brothers these defendants are the same last name maybe we just use the first names to uh severiano and uh odilon martinez rojas so anyway let me just uh you can tell me if that's wrong uh ms offman yes good morning your honor okay and uh you're uh you're representing severino severiano martinez rojas correct yes your honor all right and you're splitting your argument with ms smith is that right correct okay where is mrs good morning your honor okay um all right and then mr gerzog i see mr gerzog uh you're representing mr rojas that's easy we'll just call him rojas and you've reserved uh one minute of rebuttal you've got three minutes total you reserve one minute of rebuttal uh and then ms mcgillian and ms mcgillian am i pronouncing your name right yeah good okay so you've got odilon uh and you've got three minutes but you've reserved a minute for rebuttal so just so it's clear we've got ms offman for two minutes and then uh a minute of rebuttal then we've got ms smith for a minute and then a minute of rebuttal mr gerzog for three minutes and a minute of rebuttal and ms mcgillian for three minutes and a minute is that right uh your honor um ms offman does ms offman does not have the one minute of rebuttal i have okay the minute for uh severiano okay so are you getting a minute of main argument and rebuttal or just rebuttal one minute each for the main argument and for the rebuttal okay that makes sense then the math works okay so am i correct that these are uh and then let me just make sure ms lee yes your honor yes there you are okay and you guys just none of you begin none of you begin your arguments with as some people do i'll be brief because it looks to me like that will take up how much time ms lee you've got 12 minutes uninterrupted so i do your honor um so let me just make sure from ms offman so uh are your clients and ms mcgillian's clients are they brothers is that accurate um i believe i believe they are sorry they are either brothers or cousins okay but they've got the same last names uh on both sides of the hyphen so i don't mean to be disrespectful i would never use a first name for argument but in this case it just will make it easier to distinguish and since there are some overlapping arguments i think that would be best if if everybody's okay with that is that all right yes great okay so with all that housekeeping we'll now get to the main event so uh ms offman you've got two minutes the floor is yours thank you your honor may it please the court your honors this court should find that the order of restitution imposed against all three defendants was an abuse of discretion especially in relation to jane dose 7 as all of the amounts are based on unsubstantiated estimates for example the government did not provide any reasonable basis or documentary evidence for its estimate of 14 months of a traffic it an estimate of a 14 month trafficking period in relation to jane dose 7 so it seemed like there was evidence that it was years there was at least some testimony that this went on for several years so even if 14 months even if there's no specific evidence of 14 months is that an abuse of discretion to round down to such an extent so um you are correct your honor there was a statement by the victim stating um that she took part in the traffic or that she was trafficked for a period of several years however the specificity of that determination was not based on anything factual the government arrived at the 14 month period based on the victim's statement um however under the law we typically use the plain meaning of the um everything but in any event it's all more than 14 months so um you're suggesting we should remand uh and subject your client to more restitution no your honor um but there should have been more um that the government provided as its basis um i mean there was no doc there was no evidence documenting any of the alleged amounts proffered by the government aside from for example this statement there was no electronic records there was no handwritten notes or laws well they don't people don't exactly keep records when they're trafficking women i mean it's not like uh it's not like it's not like you're going to have credit cards and stuff like that this is to say that there's difficulties with proof doesn't absolve your client of responsibility in the context of restitution does it no you have to do as well as the best you can the court gave your client a break in terms of length of time it used four weeks as opposed to 4.3 weeks which is what the accurate measurement for the number of days and weeks in a month but so so to be critical of the court because because it erred on the side of a lower number you want to remand for a higher number i'm not for a higher number your honor but we basically assert that while the price and number of acts were estimated the number of months or trafficking periods should have therefore been accurate and not based on speculation especially if your client did your client keep records were there records found by that your client kept there were no records no okay i wonder why i mean that doesn't surprise you that he didn't no so i mean seriously what are you supposed to do her recollection is the best evidence you've got so what do you do with that you either say okay you she gets nothing or you go with the best evidence you have and it doesn't have to be exact judge sack wrote a nice opinion about that on a panel i was with on you do the best you can um i realize that you have a responsibility here i'm not being critical of you professionally but i but at some point it's hard to say well it's the court's fault because he didn't keep records right i mean seriously okay correct point your honor um miss often can i ask you a slightly different point i mean if we were to send this back isn't there a serious possibility that restitution could be a lot higher i was struck candidly that there's no attempt to calculate sort of pain and suffering no attempt to calculate the costs related to mental health treatment um if this all gets sent back i would imagine restitution could be a whole lot higher and the only reason it probably wouldn't be is because nobody honestly thinks that any of these defendants is going to have the wherewithal to pay this in the long run but isn't there a risk that the restitution number will end up a lot higher if we get a full-blown uh restitution hearing correct your honor um however we are asserting this point because we want to address what prior defense counsel failed to do for example when this was first brought up in the lower court counsel had an obligation to possibly challenge the restitution amounts considering how considering how sizable the amounts were and again this just goes to the point that understandably how there were no records everything not everything but perhaps mostly everything did seem a little bit speculative which which does seem like a bit of a problem so i let me just uh ask you are you covering ineffective assistance or you're really just focused on the restitution um arguing restitution on behalf of all three defendants um however and i'm relying on our brief for the ineffective assistance of counsel argument okay i mean look ineffective assistance we typically often anyway would not resolve that on direct appeal and allow a record to get developed i imagine i don't know of course but i imagine that a defense lawyer might say we weren't going to go near this we thought the more time spent on restitution the much more likely we were going to do worse that um you know if we got into the pain and suffering we got into the need for mental health treatment maybe physical health treatment given the elegant given the facts that things could have gotten a i think we did at the very least want to give up give counsel an opportunity to explain themselves when they're accused of uh unreasonable conduct like that all right well we've gone way over with you but uh i guess it's that kind of a day so let's hear from uh let's hear now from i lost my scorecard uh miss smith i'm sorry yeah thank you i'm addressing the vulnerable victim argument for all defendants the um the mr martinez rojas severiano had a um appellate waiver in his plea agreement however and he did receive a sentence less than the sentence specified in the plea agreement however the court should consider the um propriety of the vulnerable vulnerable victim as an extension of uh rosales morales um the supreme court case that um determined that sentencing courts must apply the correct guidelines range um the commentary of the vulnerable victim guideline i just want to be clear on this so your view is that any time uh there is a post sentencing disagreement as to the guidelines calculation an appeal waiver is not enforceable it should not be your honor well okay as an extension of rule even though even though you stipulated to this enhancement in the plea agreement right no it was not the it was not admitted or stipulated to but it was the agreement did include the calculation of the vulnerable victim enhancement but the the defendant didn't specifically waive his right to contest it well he waived his right to contest a sentence below a guidelines range correct the guidelines range was based on the stipulation as to what the guidelines were how they were calculated right um the argument is that because mr martinez rojas did not specifically waive um the the application of the vulnerable victim enhancement that he shouldn't be he should not be precluded from challenging the enhancement on appeal the the gentleman is serving over 24 years in prison did he carve out the vulnerable victim enhancement no so there's a plea agreement it says here are the guidelines abcde uh it results in this range he agrees to that he signs on for that he gets the benefit of that because he gets sentenced below that range but he nonetheless gets to appeal because he now disagrees with the calculation that was in the plea agreement that's the argument your honor okay thanks the vulnerable victim um section provides that it should only be applied when the defendant knows or should have known of the victim's unusual vulnerability and the government in this case admitted that it would not be able to establish every defendant's knowledge of every victim's particular vulnerabilities at the sentencing hearing by a preponderance of the evidence and so the government basically said to the court we not we analyzed it and we find that it applies to these particular jane doe victims but not the other ones and the court should adopt that finding and the and the court adopted that finding uh based on the government's representation that um there was economic desperation they were ripped away from their social network their home country and isolated and these these characteristics are unfortunately typical characteristics of mannac victims and i say unfortunately because i'm not here saying that this is acceptable behavior by any means um however the the app the enhancement should only apply when um there's something unusual and in this case there was nothing unusual um the types of things that can be considered unusual are that um for example the victim suffered from a mental or psychological condition or was addicted to drugs and that the defendant took advantage in in of the victims in that in that of that aspect of the victim's makeup and that was not alleged here okay so it's more than a minute but uh you've got a minute for rebuttal so thank you miss smith thank you uh and then next we have mr gerzog for uh three minutes please the court uh mr felix rojas's argument is predicated primarily on the plea agreement itself and on the allocution the plea agreement with respect to restitution set no upper limit on the restitution that could be imposed by the the district court's discretion but it's not set any kind of upper limit the same way well wait the upper limit for restitution is the full amount of harm that was caused to the victims right right but that is of course a uh uh an unspecified number that is but it's often unspecified i mean we we expect that before anybody can plead guilty uh there has to be a stipulation that it won't go higher than x well it's not on uh it is quite typical for example that uh a plea agreement will have a sentencing uh in terms of imprisonment will have a limit and that is the primary benefit of a plea agreement in a guilty plea case if the plea agreement said uh you can be sentenced up to the statutory maximum uh then and you can't get your plea back then you wouldn't have any uh protection from you know a runaway sentence i don't mean illegal but i mean a a sentence that you didn't expect same thing how could a judge or the government at the time of a plea state what the limit is when it's a mandatory restitution statute that requires restitution for all losses or harms uh inflicted on the victim i don't seem to me that that would be illegal to do that wouldn't it i don't think so your honor i think you could you could set you could the government and the defendant could agree that that number is not in excess of x whatever it might agree would you have any authority for the proposition that the failure to uh agree on an upper limit vitiates the rule 11 plea uh well there is no specific second circuit case on the matter no but i'm asking the court to uh impose that uh ruling on this particular case uh if if i can move on uh the similarly mr felix rojas was not advised of the fact that the restitution could several uh at his allocution and that of course uh assuming that i mean your honor is quite correct that the likelihood of of significant restitution in this case is is somewhat theoretical but nevertheless um should uh mr felix rojas be in a position uh to uh uh pay uh at any point in time the fact that the restitution is joint in several puts him in a very difficult position and he was not wait i would put joint in several was a benefit in a sense because he's only responsible for uh the restitution that he uh caused in other words if it's not foreseeable to him or he's not responsible for it then he's not liable but if it's if there are multiple people who are responsible then if they all can pay he only has to pay his share if none can pay he has to pay a hundred percent but he doesn't have to pay more than a hundred percent and he doesn't have to pay restitution attributable to others that he wasn't involved in does he well your honor just i think your honor just put your his finger on it when you said if they all can pay they each pay their appropriate share if none if the others cannot pay then mr felix rojas would have to pay a hundred percent right but if it's not joint and several severable then he'd be paying a hundred percent anyway right his plea agreement his plea agreement says that he'll that his restitution quote will be mandatory in the full amount of each victim's losses so he was clearly put on notice that he could end up paying the full amount he pays since his joint in several if he pays disproportionately then the the onus is on him to go to look for his for the other people who are in several liable with him that's the nature of joint several liability right but your honor the plea agreement clearly told him that it was mandatory in the full amount of each victim's loss didn't it to the extent that he caused that loss yes on no it said the full amount of each victim's losses but it doesn't that didn't that doesn't suggest well you're now you're changing it you're saying that he only so he does he caused injury to jane doe three but she has more than one injury she has several you say he only has to pay for his portion that is what uh a reasonable reading of the plea agreement uh and and of the aliquot or a reasonable understanding of the allocution uh completely yes and if there if there's a dis if we disagree with that then it's conceivable i mean i gave you the language it says full amount of each victim's loss that's what the language i mean that that that is it's where you understand full amount to me that amount that is caused by the individual defendant all right okay right then that's my argument unless there are other questions thank you can i ask you a question mr gerzog maybe you're not the right person to to ask but uh you don't have any problem i don't think um with using uh the the gains associated with illegal conduct as the basis for restitution is that correct in other words um the fact that this is illegal activity um it's not the minimum wage that uh was foregone by being forced into working in prostitution it is the basically gains that a prostitute a willing prostitute would have gained uh for the work hours and months uh spent in this activity that's how we calculate this it seems a little counterintuitive because it's because it's because it's illegal activity it's not activity it's illegal activity right but but no one seems to be arguing that that's a problem the second circuit has never ruled on this um in a published opinion anyway so i just wanted to make sure that you're not quibbling with that well the whole thing your honor frankly is a little distasteful that to try to uh characterize restitution in a in a situation like this your honor had pointed out to pain and suffering and things like that and to try to reduce it to a an hourly wage type of situation is a little bit uh distasteful but uh to the extent that uh that's what congress uh or the sentencing commission uh put in place then that is a uh a reasonable if not acceptable so to speak uh rationale all right i think the government's saying the same thing so i just wanted to make sure that you didn't disagree all right thank you very much mr gerson you've got a minute for rebuttal and then finally we've got uh ms mcgillian we need to please support the only issue i'm addressing today is uh odin's unconstitutional where a serious bodily injury enhancement was imposed without any proof whatsoever and the mere assumption this increased mr martinez's sentence by almost five years this was serious constitutional error it deprived him of it deprived him of due process it deprived him of being able to challenge the evidence almost five years and letting it happen his appeal waiver um i'm having trouble hearing you because you either get closer to the microphone or um switch to a different uh let's try this you're a little closer now let's try if you give me a minute to increase the volume my purpose is i did this yesterday i'm registering a little better a little better a little better or you can you not hear me at all sure yeah we can hear you better go okay i'm gonna get very close to the screen yeah right check it from the top um okay i think we heard a lot of it it just was a little bit we had to strain that was the really the problem so you can you can pick up we didn't miss it i just think uh we're straining more than we had to for the other advocates slightly garbled but but but understandable go ahead anyways let's repeat myself that it's a serious constitutional error because this sentencing process deprived him of counsel it deprived him of due process it deprived him of being able to challenge the evidence it hurt him to the tune of almost five years and sentencing counsel was closely deficient for letting it happen odin's appeal waiver did not waive the six amendment rights or his due process rights for constitutional sentencing it couldn't it would be invalid if it did it's telling that the government has failed to address these necessary issues head-on in its it has not cited any proof for serious bodily injury at sentencing the government knows that there was none the government knows that its burden of proof at sentencing can't be met by it's claiming that uh the post-sentencing submissions were supplemental evidence is disingenuous because it hasn't identified one iota of actual evidence submitted to the court to justify the enhancement um it has also cited no precedent so you mean actual evidence of pain is that what you're talking about actual evidence of any serious bodily injury involving pain there's no evidence okay there's no all we have here is counsel's argument in the argument section of the submission to the court there is no factual basis for the argument that this tattoo inflicted pain it's not in the fact section of their sentencing submission it's there's no tattoo that appears anywhere other than in their arguments and then in their representations to the court oh wait so so just so i'm clear then uh the plea agreement talked about this enhancement um the the pre-sentence report also does um there's no no quibbling about it no objection to um and you're saying that the court was not justified in concluding that well i guess tattooing is painful um and that no one's objecting otherwise so that's a sufficient basis to protect the enhancement to be clear the plea agreement mentioned the possibility of a serious bodily injury it did not identify the basis the plea agreement also expressly the right to any sentencing populations the psr did not include the enhancement for spi probably because the probation officer who's well versed in the guidelines knows that threats or violence associated with sex trafficking or active sexual abuse are already accounted for in the four-level increase under 2a 3.1 b1 so the government now at sentencing argued for the reintroduction of this enhancement it was a two-level enhancement and it cited a tattoo that has only been mentioned once before in the argument section of its submission this doesn't satisfy the government's burden of proof there has to be proof at sentencing there has to be a fact that's supported by an affidavit a statement and there was none there was absolutely nothing uh with the sentencing hearing that could support this and by permitting this and by arguing my briefs that even when we submitted after sentencing um here the fact that the court allowed it to be submitted after sentence was imposed when a sentence could not be changed um it it makes it impossible for counsel to challenge could you remind me how the removal of the tattoo figures into this argument well the government argues that the victim's decision to subsequently remove is an additional infliction of pain now the court rejected that contention and made it clear that it was unwary to rely or not uh procedure for the enhancement so it's a new issue okay all right i i urge this panel to ask the government is there any precedent submitting proof after sentencing to support an enhancement that results in a 4.8 year increase in sentence okay thank you ms mcgillian you've got a minute of rebuttal uh let's hear from ms lee and ms lee maybe you can begin where ms mcgillian left off so i know you're arguing waiver but what is what was the state of the record that would support a finding for that answer yes your honor um in our sentencing memo prior to the sentencing hearing we had described that the basis was among other things the fact that she was forced to get a tattoo against her will there was additional evidence that was discussed during the sentencing hearing regarding the size of the tattoo and the color of the tattoo and the placement of the tattoo there was no dispute that she had been forced to get the tattoo the only question that the court raised was whether or not it could take judicial notice of that tattoo causing extreme physical pain and that is what we we submitted the supplemental affidavits to the supplemental affidavits after sentencing after the sentencing hearing but before the judgment there was significant time that passed between the sentencing hearings and the actual judgment in part because as your honors are well aware there was extensive litigation about restitution i get that but i mean usually a sentence has to be imposed in person um it's not something that is it's not simply done by judgment right so uh the sentence was pronounced in person and it included this enhancement and then the this was the right enhancement is that a fair character that's i that is although i would just note that the restitution was also imposed in person so before the the final judgment he did come back but i i think that no no but restitution is allowed to be imposed later uh and doesn't require you to come back into court to have a restitution imposed on you but uh but but sentencing a term of years or months does require that sentence to be pronounced in person right of course i was just noting that procedurally the way the case transpired he did end up coming back in person again after the supplementals um were submitted but i agree with you he came back in just for restitution there was no additional discussion on the enhancement but there was no objection either right exactly um but i i do agree with the way that the court has characterized what occurred um but i think that the evidence before it with detail regarding the tattoo the size of the tattoo the color of the tattoo it did form enough of a basis for that serious bodily injury enhancement and that is one of the reasons why we argue that there's no prejudice based on the way that the procedure occurred um i do think that um it was heavily argued and litigated in person the his counsel raised a number of arguments why he did not believe that it should qualify why he did not believe that the removal process should qualify and i think quite frankly the evidence before the court was sufficient for the permanent bodily injury enhancement because it was permanently on her body unless she tried to remove it but the court in an abundance of caution did ask for affidavits describing the subjective level of pain and we did provide those afterwards and counsel did not object to those but i don't think that i think that the decision not to object to the procedure and not to object to the actual affidavits was reasonable because there was no legitimate basis to argue that there was not objection to that procedure or any objection to those affidavits ultimately would not have resulted in a different conclusion and the defendant wasn't prejudiced by that so looking at the strickland prongs i don't think that the defense can satisfy either one based on the procedure by which the serious bodily injury enhancement was implemented and the supplemental evidence all right your view is the only way we get to this argument is through an ineffective assistance argument right that that's correct your honor but you've nonetheless taken the position as have the defendants i think that we can resolve that now instead of just saying we'll let 2255s get developed later so that the district court can develop a record uh if necessary yeah i understand i i think that you can go obviously either way would be appropriate but i think that the record in front of the court is sufficient enough to find that as to both this argument as well as the restitution uh i ineffective assistance of counsel claim because two of them also have the restitution challenge within an effective assistance of counsel that neither defendant has established either of the strickland prongs and on the restitution aspect the ineffective assistance of claim argument um cannot establish either the strickland prongs goes to responding to also the argument raised by mr rojas and um and odalon as to their substantive challenges to the restitution order and i will turn to address that unless the court would has more questions on the serious bodily injury okay um well i think that uh you know as as the court mentioned in some of its questions i think the record is clear that there was abundance evidence to support this very conservative estimate estimate of a restitution order with respect to uh your question judge sullivan while there isn't a published decision in the second circuit i think that there is an that suggests that restitution is appropriate calculated based on earnings even when it's illegal proceeds and as you also noted that's really not been disputed by either party and in the district court proceedings the government's formula was not disputed and not surprisingly so because it really was quite a conservative formula and the real question that's being raised here is whether or not the time period that the government utilized was specific enough to support the restitution and i believe that the judge wesley really touched on one of the main concerns in these cases in that there aren't going to be clear and obvious records of every moment when this victim was forced against her will into trafficking and the government had an affidavit which again we were required to provide sworn affidavits of each of the victims but we had them from the extradition we provided an affidavit in which jane doe seven said she was forced to work in prostitution almost every single day for years we then used a shorter time period of 14 months which correlates to the time period charged in the indictment as judge wesley also noted our calculation only used four weeks so there was an additional amount of days off that were built in there despite the fact that jane doe seven as she said was forced to work every day for months even when she was on her period our calculation assumed a day off every single week and the fact that she can't provide exact specific dates when she started when she was hit and she was kicked and she was whipped with a as well as to all of the victims was based on an abundance of evidence we did our best to provide a conservative estimate supported by the evidence that would attempt to do justice by the victims although as judge sullivan noted there's mental health pain and suffering that is not included in our calculation and why not can i ask why not i did you not have access to these victims uh after you know an initial stage of the investigation we did have access to them and in fact many of them submitted written victim impact statements in connection with the sentencing and three of them also appeared either in video or in person at the sentencing i think that calculating uh the mental health and the pain of suffering we we could have added that on top but what we tried to do was have a very concrete specific formula with the understanding also you know that it would be a significant amount of money if we could actually get that calculation so it was basically our assessment of the best way to provide a specific formula supported by the evidence although we understand that that your honor is correct that we could have um and perhaps we should have sought even more and then as you also saw from the proceedings despite how conservative our formula was the district court significantly limited the restitution requests as to almost every single one of our victims reduced it by for some uh eighty to a hundred thousand dollars for others eight thousand dollars and so the end result of these restitution orders really there can be no dispute that they're supported by the evidence and that they were properly issued by the district court and they should be affirmed i will just say as to i think the last point that i haven't addressed is the vulnerable victim enhancement and i there is a clear appellate waiver in the plea agreement to be able to challenge the and i don't think that there's any proper basis to find that the waiver was not knowing involuntary similarly as to mr rojas's claim as to restitution he was specifically advised as judge russley noted that the full amount of the victim's losses were going to be the restitution the joint and several at best makes it less than he thought that he was going to and there is certainly no case law or language in rule 11 that suggests that he had to or was required to be given more notice than he already was and the plea hearing it makes clear that he has read it that he understood the the rights and that he was knowingly and we've uh willingly entering into that plea agreement unless the court has any other questions for me i will rest on our papers thank you all right no further questions i don't think uh let me just make sure i judge sack are you still there i'm i'm seeing your shoulder but not much more thinking about having an internet problem yeah let's let's just give us a minute judge sack we are not hearing you i know are you now i hear you i'm okay sorry i have i'll catch up but i've had a connection all right did you miss some of the argument from uh ms lee i missed yes okay what was the last thing you heard do you remember i wasn't thinking along those lines when it went off so i'm not sure uh about how many about how many minutes do you think uh about eight or ten eight or ten all right um so i've not had this come up before uh well i think we've got it recorded so i think we have it yeah it is recorded it is recorded i'll catch up judge sack do you have any additional questions of ms lee it would be it would be wildly inappropriate for me to ask questions having missed the last 10 minutes of argument but thank you okay all right so now we've got some rebuttal so we'll first hear from ms smith for a minute thank you your honor with just with regard to the waiver issue which i completely recognize is threshold here the the defendants are in a very disadvantaged situation in these types of any any type of prosecution but this one in particular where um there's there's so much at stake and the um potential for incarceration is you know life um so it it's just do pro it unfair that um if it's basically you're basically waiving everything to get to get a lower sentence and and for that reason i would argue that um the the extending the supreme court case that the guidelines must be properly considered and that would of course then be a two-way street you realize that uh so the defendants who signed plea agreements that uh had stipulated guidelines range of a certain amount uh if the court is then free to go back and make sure that it's higher every time on appeal even that the waiver won't be won't be respected doesn't that potentially cause real problems for defendants don't defendants benefit from the certainty of pleading um they do but they like i said the the bargaining power is significantly um limited where the the stakes are so high in terms of imprisonment and your view is that it would depend on what the exposure is so for crimes that have life penalties it would be virtually any major drug crime uh crimes like this crimes involving violence that plea waivers will not be they'll be treated differently well only that the court should exercise its um authority to examine the um guidelines calculation so that the defendants and the and the government are are held to the government is held to its task of establishing the elements of the um the enhancements okay all right thank you uh we'll now hear from mr gerzog for a minute turn your mic on mr gerzog thank you sir um with respect to waiver uh our brief uh had an extensive point on waiver and in the government's brief they dropped a footnote early on in the brief saying that with respect to our arguments at least they were withdrawing their motion to dismiss uh based on waiver and so uh waiver should not apply to mr felix rowhouse's uh arguments well his arguments relate to restitution other arguments too you mean or just restitution well his his arguments relate to restitution judge of course we did also adopt uh as is typical uh the other arguments of the parties but his direct appeal is based on restitution right and so i think the government's conceding that restitution is not covered by the terms of the plea agreement uh districts do play agreements differently um but but on the basis of this one although the sentence the term of incarceration uh the appeal waiver would apply to that i think the government would argue but not for restitution that's my point judge yes okay thank you thank you all right and then uh last but not least ms mcgillian you've got a minute for rebuttal the government is ignoring controlling case law that says that it has to meet its burden of proof evidence and it's clear that argument is insufficient to constitute evidence uh the fact that opposing counsel failed to object to argument doesn't magically transform a total absence of proof into factual evidence i haven't seen a single circuit court case that says that argument can be evidence but wait but argument i mean we're talking there's no dispute about what the facts are right it's about it i mean the tattoo is what the government's relying on the forced uh you know by what imposition of a tattoo is uh argued to be what caused serious bodily injury there's a disagreement about that but there's not a disagreement about the tattoo right there's no the government has a burden of proof if it says that there's a tattoo it needs to provide a factual basis for the existence of the tattoo and it did not in this and counsel's failure to even if argument could magically transform uh a lack of evidence into evidence here this is an ineffective assistance of counsel claim and counsel's failure to object is ineffective i haven't seen a single circuit court case that says that argument can be evidence substantiating a four year increase in sentence i haven't seen any case that says that counsel's argue what was argued will transform argument into fact but wait a minute wait a minute so if we have a case in which the government says um and then he slit the defendant the the victim's throat and there's no objection to that fact nobody says no he didn't slit his throat you're saying a judge can't rely on that for an enhancement the judge needs to get pictures and needs to get forensic evidence correct or any evidence just to save him and we've heard that here and so even if it was possible for argument to convert non-facts into facts counsel wasn't affected for failing to object and frankly well the record the record the record did reflect that she had a tattoo and that she'd had it removed right no this is the problem there was no record of a tattoo no record of a tattoo and so after sentencing oh i see what you're saying i see okay i understand i see i can submit the precise place in the sentencing of the government it appears not in the factual section not in the parentheses but in their arguments so there's no there's no record of a tattoo even if it were possible to permit home sentencing proof it violates the constitution if if the government can satisfy its burden of proof after sentence has been imposed my client has been deprived of due process he's been deprived of counsel he's been deprived of being able to challenge the government's proof this is this is structural and what action are you arguing that this court should take as a result to send it back yes it should remand for resentencing without a second bite at the apple because the government had two chances to beef up its proof but post-sentencing submissions were illegal they violate the constitution it should not be allowed to rely on them at resentencing this question demands so that mr martinez rojas is resentenced without the spi enhancement even if it were allowed to be introduced i've argued in my briefs that those submissions are insufficient they're probably double counting the government raises for the first time in its appellate brief that this may have been branding if so then it's part of aggravated sexual abuse and it's already accounted for in the four level increase under the guideline and so the government should not be allowed to get a second bite here it had it knew the day prior okay miss mcgillian you're at three so we got it was a minute of rebuttal we certainly understand the arguments and we have the briefs so let me thank everyone i think you all got one judge sullivan just just allow me to apologize to council for having uh disappeared and uh for a while i'll catch up on it i think a higher digital power is telling us it's time for the pandemic to be over but thank you for bearing with me all right and thank you all we will reserve decision but well argued and we appreciate the efforts thank you that concludes our arguments we have one case on submission that's united states versus abdallah et al uh before i adjourn court let me just thank our clerk of court let me thank the uh the folks who support this zoom effort uh it's really been remarkable what we've been able to do even in the midst of a pandemic and it's not an accident it's because we have really great people who support this court so thank you to all of them miss rodriguez you may adjourn court questions